IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE J. SMITH,<br><br>Defendant. | Case No. CR07-1004<br><br>ORDER FOR PRETRIAL DETENTION |

On the 9th day of May, 2002, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Daniel Tvedt. The Defendant appeared personally and was represented by his attorney, Assistant Federal Public Defender JoAnne Lilledahl.

## RELEVANT FACTS

On February 28, 2007, Defendant George J. Smith was charged by Indictment (docket number 2) with three counts of unlawful distribution of crack cocaine within 1,000 feet of a protected property. At the Initial Appearance/Arraignment on May 7, 2007, Smith entered a plea of not guilty and trial is now scheduled for July 9, 2007.

Dubuque County Deputy Sheriff Gary Pape testified at the instant hearing that the drug task force was contacted by a confidential informant, who provided information regarding the sale of narcotics by an individual known as "George." The drug task force subsequently arranged for three controlled purchases of crack cocaine by the confidential informant. According to Pape, the confidential informant purchased crack cocaine in Dubuque, Iowa, on August 30, September 1, and September 5, 2006, from an individual who was later identified as Defendant George J. Smith.

1

The Indictment was returned on February 28, 2007, and a warrant was issued for the Defendant's arrest. Deputy Pape testified that they were unable to locate the Defendant at the residence where he resided in Dubuque. According to the landlord, it was not uncommon for the Defendant to be gone for periods of time, but the Defendant allegedly failed to return to the Dubuque residence after authorities started looking for him. The Defendant was subsequently arrested in Chicago on April 26 or 27, 2007.

Deputy Pape conceded that none of the investigators had actually witnessed the transactions which give rise to the Indictment. Parts of the latter two incidents were video-taped, however, and apparently there is an audio tape of portions of the first transaction. On cross-examination, Pape admitted that the confidential informant is a daily user of crack cocaine.

According to the Pretrial Services Report, there is a discrepancy regarding Defendant's residence. Defendant told the pretrial services officer that he had been living in Dubuque with his girlfriend for the past year. Defendant's mother told the officer, however, that Defendant was living with her in Chicago for at least the past year. The only employment reported by Defendant to the pretrial services officer was part-time employment for approximately one month, hanging drywall.

Defendant has three prior felony convictions for drug offenses. He had been on probation on two prior occasions and completed both successfully. He admitted to the pretrial services officer, however, that he uses marijuana twice daily.

In support of his request that he be released on conditions, the Defendant proffered the fact that his aunt in Cedar Rapids and his sisters in Chicago are willing to have Defendant live with them and be third-party custodians.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required

2
Case 2:07-cr-01004-LRR   Document 12   Filed 05/10/07   Page 2 of 5

and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755, 107 S. Ct. at 2105.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is

3
Case 2:07-cr-01004-LRR    Document 12    Filed 05/10/07    Page 3 of 5

probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822 F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant was charged by Indictment with three counts of distribution of crack cocaine within 1,000 feet of a protected property, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851, and 860. This charge establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Defendant proffers the fact that his aunt and two sisters are willing to have him live with them.

The Defendant is charged with serious drug offenses which, if he is convicted, may result in a substantial punishment. According to Assistant United States Attorney Tvedt, because of Defendant's prior felony drug convictions, he may face mandatory life imprisonment if he is convicted. The charges arise from three controlled buys monitored by the drug task force and the evidence against the Defendant would seem to be substantial.

In addition to three prior felony drug convictions, Defendant admits to current daily drug usage. He has virtually no employment history and limited ties to Iowa.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no

condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 10th day of May, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA